**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| CORNELL RESEARCH FOUNDATION, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC, d/b/a XFINITY, COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, COMCAST CORPORATION, COMCAST OF HOUSTON, LLC, COMCAST BUSINESS COMMUNICATIONS, LLC, and COMCAST OTR1, LLC,<br><br>*Defendants.* | Civil Action No. _______<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF CORNELL RESEARCH FOUNDATION, INC.'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Cornell Research Foundation, Inc. ("Plaintiff" or "Cornell") files this Complaint for patent infringement against Defendants Comcast Cable Communications, LLC, d/b/a Xfinity, Comcast Cable Communications Management, LLC, Comcast Corporation, Comcast of Houston, LLC, Comcast Business Communications, LLC, and Comcast OTR1, LLC (collectively "Defendants" or "Comcast"), and hereby alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*

2. Defendants have infringed and continue to infringe at least one claim of Cornell's

U.S. Patent Nos. 7,839,775 ("the '775 Patent") and 7,965,733 ("the '733 Patent") (collectively, "the Asserted Patents"), attached hereto as Exhibits 1 and 2.

3. This action involves Cornell's patented wireless communications technology as used in Wi-Fi routers, access points, smartphones, tablets and related products and services that Comcast provides.

4. Exemplary products and services accused in this case (collectively, the "Accused Instrumentalities") are identified in the attached exhibits. At a high level, they include: (a) Wi-Fi 5 and later gateways, routers, extenders, pods, hotspots and access points that Comcast supplies, and other Wi-Fi 5 and later gateways, routers, and access points used with Xfinity Internet or Comcast Business Internet services; (b) Wi-Fi 6 and later smartphones, tablets and streaming devices that Comcast provides, and other Wi-Fi 6 and later smartphones, tablets, and streaming devices used with Xfinity Mobile or Comcast Business Mobile services; and (c) the Xfinity and Comcast Business services that incorporate, use, provide, configure or manage any of them.

5. Cornell seeks damages adequate to compensate it for Comcast's infringement, in no event less than a reasonable royalty.

6. Cornell also seeks enhanced damages for Comcast's willful infringement, pre- and post-judgment interest, costs, and reserves the right to seek its attorneys' fees under 35 U.S.C. § 285 as an exceptional case.

## THE PARTIES

7. Plaintiff Cornell Research Foundation, Inc. is a New York not-for-profit corporation, having its principal place of business at 395 Pine Tree Road, Suite 310, Ithaca, New York 14850. Cornell Research Foundation is a wholly owned subsidiary of Cornell University, whose mission is to manage intellectual property invented by Cornell employees under Cornell University's Policy 1.5: Inventions and Related Property Rights, including obtaining patent,

trademark, or copyright protection where appropriate and licensing intellectual property for commercial development and use.

8. On information and belief, Defendant Comcast Cable Communications, LLC d/b/a Xfinity is a Delaware limited liability company, having its principal place of business located at One Comcast Center, 1701 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103. Comcast Cable Communications, LLC may be served through its registered agent Comcast Capital Corporation, 1201 N. Market Street, Suite 1000, Wilmington, Delaware 19801. Under the Xfinity Residential Services Agreement, Xfinity Internet, Wi-Fi and other residential services are provided by an operating subsidiary or other affiliate of Comcast Cable Communications, LLC, and the equipment supplied to subscribers with those services, including modems and routers, remains Comcast-owned. On information and belief, Comcast Cable Communications, LLC, through those operating subsidiaries and affiliates, provides Xfinity Internet and Wi-Fi service to subscribers in this District and leases them the accused gateways, routers, extenders and pods.

9. On information and belief, Defendant Comcast Cable Communications Management, LLC is a Delaware limited liability company, having its principal place of business located at One Comcast Center, 1701 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103. Comcast Cable Communications Management, LLC is registered to do business in Texas and may be served through its registered agent in Texas, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701. Under the Comcast Business Customer Terms and Conditions, Comcast Business services are provided by the operating affiliate of Comcast Cable Communications Management, LLC that serves the customer, and the Comcast-provided equipment used with those services, including gateways and routers, remains Comcast's property.

10. On information and belief, Defendant Comcast Corporation is incorporated in Pennsylvania, having its principal place of business located at One Comcast Center, 1701 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103. Comcast Corporation is registered to do business in Texas and may be served through its registered agent in Texas, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701. Comcast Corporation is the publicly traded parent of the other Defendants and reports their operations together with its own on a consolidated basis.

11. On information and belief, Defendant Comcast of Houston, LLC is a Delaware limited liability company, having its principal place of business located at One Comcast Center, 1701 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103. Comcast of Houston, LLC is registered to do business in Texas and may be served through its registered agent in Texas, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701. On information and belief, Comcast of Houston, LLC delivers Xfinity services to subscribers in Texas.

12. On information and belief, Defendant Comcast Business Communications, LLC is a Pennsylvania limited liability company, having its principal place of business located at One Comcast Center, 1701 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103. Comcast Business Communications, LLC is registered to do business in Texas and may be served through its registered agent in Texas, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701. Comcast Business Communications, LLC does business as Comcast Business and provides Comcast Business Internet and Ethernet services. On information and belief, Comcast Business Communications, LLC offers the accused Comcast Business gateways and routers.

13. On information and belief, Defendant Comcast OTR1, LLC is a Delaware limited liability company, having its principal place of business located at One Comcast Center, 1701 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103. Comcast OTR1, LLC is registered to do business in Texas and may be served through its registered agent in Texas, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701. Under the Xfinity Mobile Retail Installment Contract, Comcast OTR1, LLC is the entity offering Xfinity Mobile and sells devices to Xfinity Mobile subscribers. On information and belief, those devices include the accused smartphones.

14. On information and belief, Defendants function as a single enterprise in offering the Accused Instrumentalities. On information and belief, Comcast Corporation directs the operations of the other Defendants, which are its direct and indirect subsidiaries. The same Xfinity- and Comcast Business-branded broadband, Wi-Fi, and mobile offerings are designed, provisioned, marketed, and supported across them, and each Defendant participates in, exercises control over, and profits from the conduct described in this Complaint. On information and belief, Defendants share common officers. Except where a specific entity is named, "Comcast" refers to the Defendants collectively.

15. Comcast, which does business under the Xfinity and Comcast Business brands, sells broadband internet, Wi-Fi, and mobile services, including Xfinity Internet, Xfinity Mobile, Comcast Business Internet, and Comcast Business Mobile, to homes and businesses throughout the country. On information and belief, Comcast, itself or through subsidiaries, provides and promotes the Accused Instrumentalities nationwide.

16. Each Defendant controls, participates in the commission of, and has a direct financial interest in the infringing acts set forth herein.

## JURISDICTION AND VENUE

17. Cornell incorporates by reference and realleges the foregoing paragraphs as if fully set forth herein.

18. This action arises under the patent laws of the United States, Title 35, Section 1 *et seq*. of the United States Code. Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

19. This Court has specific personal jurisdiction over each Defendant consistent with the Texas Long Arm Statute and the Due Process Clause of the Fourteenth Amendment. Each Defendant, directly and through its subsidiaries, affiliates and agents, has purposefully directed its business at Texas and this District by marketing and providing Xfinity Internet and Wi-Fi services to subscribers in this District; supplying and leasing the Accused Instrumentalities to those subscribers; maintaining network facilities in this District; operating an office in Plano, Texas; and employing people in this District. Each Defendant, directly and through its subsidiaries, affiliates and agents, has committed and continues to commit acts of infringement in this District, including by using, offering to sell, selling, leasing and importing the Accused Instrumentalities and by inducing and contributing to infringement by its customers in this District, and, on information and belief, derives substantial revenue from products and services provided to residents of Texas, including residents of this District. Cornell's claims arise out of and relate to those activities. Exercising jurisdiction over each Defendant is reasonable and does not offend traditional notions of fair play and substantial justice.

20. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Defendants have transacted business in this District and have committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and/or importing products that infringe the Asserted Patents as set forth

herein. Defendants have one or more regular and established places of business in this District.

21. On information and belief, Comcast's physical footprint in this District is at least, but not limited to, Collin County and has extended its network into Liberty County, within the Beaumont Division, as part of an investment of more than $265 million announced in 2024 to reach more than 100,000 potential new residential and commercial customers in the areas north of Houston, and it maintains facilities or structures there. Comcast also advertises to residents of this District, including through coverage maps that show Xfinity Mobile 5G and 4G LTE service in and around Marshall, Texas; through a Marshall web page stating that "Xfinity provides internet service in the Marshall area" and advertising Xfinity Internet with Wi-Fi equipment, Xfinity Mobile, and smartphones, including Google Pixel phones; and through promotions of its Xfinity internet plans directed at Texas customers.

22. On information and belief, Comcast commits acts of infringement in this District. Comcast provides Xfinity Internet and Wi-Fi services to subscribers in this District, supplies and leases infringing products, including Xfinity Gateways, routers, and Wi-Fi extenders to those subscribers and distributes the Xfinity mobile application to them. Subscribers in this District perform the accused methods using the Accused Instrumentalities.

23. On information and belief, Comcast's regular and established places of business in this District include at least the Comcast Business office at 2740 N. Dallas Parkway, Suite 100, Plano, Texas 75093, in Collin County. Comcast also maintains network facilities in Liberty County that serve its subscribers there.

24. On information and belief, because Defendants act as a single enterprise, the places of business and acts of each Defendant in this District are attributable to every Defendant for venue purposes.

25. Joinder of Defendants is proper under 35 U.S.C. § 299(a). The right to relief Cornell asserts against Defendants arises "out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process," 35 U.S.C. § 299(a)(1), namely the Xfinity and Comcast Business Wi-Fi gateways, routers, extenders, and Wi-Fi services and the Xfinity Mobile devices identified in Exhibits 3, 4 and 5. Because Defendants supply and operate the same accused products and services, factual questions shared by all of them, including how those products and services work, will arise in this case. See 35 U.S.C. § 299(a)(2).

## THE ASSERTED PATENTS

### United States Patent No. 7,839,775

26. On November 23, 2010, the U.S. Patent and Trademark Office duly and legally issued the '775 Patent, entitled "Methods and Systems for Channel Sensing Multiple Access Communications with Multipacket Reception." The '775 Patent issued from U.S. Application No. 11/376,067, filed March 14, 2006, which claims priority to U.S. Provisional Application No. 60/594,143, filed March 15, 2005. The '775 Patent was subsequently reexamined by the U.S. Patent and Trademark Office, following reexamination request 90/013,914; the USPTO issued an Ex Parte Reexamination Certificate (U.S. 7,839,775 C1) on June 28, 2017. The '775 Patent relates, inter alia, to communication using carrier sense multiple access (CSMA) with multipacket reception (MPR).

27. The inventors of the '775 Patent are Electrical and Computer Engineering Professor Toby Berger, PhD, and Douglas S. Chan, PhD.

28. Cornell is the owner and assignee of the entire right, title, and interest in the '775 Patent by assignment from the inventors recorded with the U.S. Patent and Trademark Office, and

has the sole right to sue and recover damages for any current, past, or future infringement.

29. The ’775 Patent is valid and enforceable.

**United States Patent No. 7,965,733**

30. On June 21, 2011, the U.S. Patent and Trademark Office duly and legally issued the ’733 Patent, entitled “Systems and Methods to Detect and Avoid Collisions in Channel Sense Multiple Access Communications with Multipacket Reception.” The ’733 Patent issued from U.S. Application No. 11/375,853, filed March 14, 2006, which claims priority to U.S. Provisional Application No. 60/594,143, filed March 15, 2005. The ’733 Patent relates, inter alia, to methods and systems to perform collision detection (CD) in a communication network and over multipacket reception (MPR)-capable physical layers.

31. The inventors of the ’733 Patent are Electrical and Computer Engineering Professor Toby Berger, PhD, and Douglas S. Chan, PhD.

32. Cornell is the owner and assignee of the entire right, title, and interest in the ’733 Patent by assignment from the inventors recorded with the U.S. Patent and Trademark Office, and has the sole right to sue and recover damages for any current, past, or future infringement.

33. The ’733 Patent is valid and enforceable.

**COUNT I: INFRINGEMENT OF THE ’775 PATENT**

34. Cornell incorporates by reference and re-alleges the foregoing paragraphs as if fully set forth herein. Cornell further alleges the below upon information and belief.

35. Comcast has directly infringed and continues to directly infringe the ’775 Patent, either literally or under the doctrine of equivalents, including at least claims 26 and 56, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling, and/or importing into the United States, the Accused Instrumentalities.

36. By way of example only, each accused Wi-Fi 5 or later access point (including the Xfinity Advanced Gateways, Xfinity XER10 WiFi Router, Xfinity Pro WiFi Extender, xFi Pods and Comcast Business gateways identified in Exhibits 3 and 4) is a terminal system that infringes claim 56.

37. Likewise, each accused Wi-Fi 6 or later client device, including the accused smartphones, tablets and streaming devices, operating as a client on a Wi-Fi 6 or later network, is a terminal system that infringes claim 26.

38. Exhibits 3 and 4, which are hereby incorporated by reference, show how exemplary Accused Instrumentalities infringe exemplary claims of the ’775 Patent.

39. Comcast has actual notice of its infringement of the ’775 Patent by at least the filing of this Complaint, and Comcast was or is now aware of the ’775 Patent or has willfully blinded itself as to the existence of the ’775 Patent and Comcast’s infringement thereof.

40. Comcast has also indirectly infringed the ’775 Patent under 35 U.S.C. § 271(b) and (c), as set out below. Comcast has known of the ’775 Patent, and of how the Accused Instrumentalities infringe it, at least since it was served with this Complaint and Exhibits 3 and 4.

41. Since gaining that knowledge, Comcast has actively induced infringement of the ’775 Patent under 35 U.S.C. § 271(b), with specific intent to cause infringement or with willful blindness to it.

42. Comcast’s customers and end users directly infringe the asserted claims when they put the Accused Instrumentalities into service and use them, for example by operating Wi-Fi 5 or later gateways, routers, extenders, pods and access points supplied by Comcast or used with Xfinity Internet or Comcast Business Internet service; or by using accused Wi-Fi 6 or later client devices, including smartphones, tablets, and streaming devices, on Wi-Fi 6 or later networks,

including networks served by Xfinity Internet or Comcast Business Internet service.

43. Comcast supplies the accused gateways, routers, extenders, and pods as part of Xfinity and Comcast Business service and instructs customers to set them up and use them, and instructs customers who use their own gateways and routers with Xfinity Internet or Comcast Business Internet service how to set them up and use them; sells the accused client devices, including smartphones, tablets, and streaming devices; instructs its Xfinity Mobile, Comcast Business Mobile, Xfinity Internet and Comcast Business Internet subscribers, including subscribers who bring their own devices, to connect the accused devices to Wi-Fi networks; publishes user guides, support articles, videos, and advertising that promote the accused multi-user features; and provides installation, technical support, and network management for the Accused Instrumentalities. See, e.g., https://www.xfinity.com/support/articles/broadband-gateways-userguides; https://www.xfinity.com/support/articles/using-a-router.

44. Comcast has also contributed to infringement of the ’775 Patent under 35 U.S.C. § 271(c). Comcast offers to sell, sells and imports the accused gateways, routers, extenders, pods, hotspots, access points, smartphones, tablets, streaming devices, and/or other client devices, and the firmware and software updates it provides for its gateways, routers, extenders, pods, access points and/or hotspots, and with them components of the claimed terminal systems, including the devices’ Wi-Fi chipsets, firmware and software.

45. Comcast knows these components are especially made or especially adapted for use in infringing the ’775 Patent. The accused multi-user transmission features they implement are a material part of the claimed inventions, and the components are not staple articles or commodities of commerce suitable for substantial non-infringing use.

46. Comcast's infringement after learning of the '775 Patent and of how its products infringe has been, and continues to be, knowing, deliberate, and willful.

47. Comcast's infringement has damaged Cornell. Cornell is entitled under 35 U.S.C. § 284 to damages adequate to compensate it for the infringement, in no event less than a reasonable royalty, together with interest and costs.

48. Comcast holds no license or other authorization to practice the '775 Patent.

49. Cornell does not make, sell, offer for sale or import any product that practices the '775 Patent, and Cornell granted no license under the '775 Patent until 2022. Through the effective date of that license, therefore, no marking obligation under 35 U.S.C. § 287(a) could have applied to Cornell or to any licensee. To the extent 35 U.S.C. § 287(a) applies, Cornell is entitled to damages for Comcast's infringement during the period permitted by 35 U.S.C. § 286 that preceded that license, and for Comcast's infringement after Comcast received actual notice of the '775 Patent and of its infringement, including at least as of the service of this Complaint and Exhibits 3 and 4.

50. Comcast's acts of direct and indirect infringement have caused and continue to cause damage to Cornell. Cornell is entitled to damages in accordance with 35 U.S.C. §§ 271, 281, and 284 sustained because of Comcast's wrongful acts in an amount to be proven at trial.

## COUNT II: INFRINGEMENT OF THE '733 PATENT

51. Cornell incorporates by reference and re-alleges the foregoing paragraphs as if fully set forth herein. Cornell further alleges the below upon information and belief.

52. Comcast has directly infringed, and continues to directly infringe, the '733 Patent, under 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell and selling within the United States, and importing into the United States, the Wi-Fi 6 and

later Accused Instrumentalities without authority. The infringed claims include at least claims 1, 16 and 29, as shown in Exhibit 5.

53. Comcast itself performs the methods of the asserted method claims, including for example when its employees, technicians, and retail staff activate, set up, test, and demonstrate the accused client devices with Comcast gateways. Comcast's direct infringement also includes conduct of others that Comcast directs or controls.

54. By way of example only, each accused Wi-Fi 6 or later client device, including the accused smartphones, tablets and streaming devices, performs the method of claim 1 when it exchanges data with a Wi-Fi 6 or later access point, including the accused Xfinity and Comcast Business gateways, routers, and extenders, and is a receiver system that infringes claim 29 when it receives multi-user downlink transmissions from such an access point. Each accused Wi-Fi 6 or later access point is a transmitter system that infringes claim 16.

55. Exhibit 5, which is incorporated by reference, shows how exemplary Accused Instrumentalities infringe exemplary claims of the '733 Patent.

56. Comcast has actual notice of its infringement of the '733 Patent by at least the filing of this Complaint, and Comcast was or is now aware of the '733 Patent or has willfully blinded itself as to the existence of the '733 Patent and Comcast's infringement thereof.

57. Comcast has also indirectly infringed the '733 Patent under 35 U.S.C. § 271(b) and (c), as set out below. Comcast has known of the '733 Patent, and of how the Accused Instrumentalities infringe it, at least since it was served with this Complaint and Exhibit 5.

58. Since gaining that knowledge, Comcast has actively induced infringement of the '733 Patent under 35 U.S.C. § 271(b), with specific intent to cause infringement or with willful blindness to it.

59. Comcast's customers and end users directly infringe the asserted claims when they use accused Wi-Fi 6 or later client devices, including smartphones, tablets and streaming devices, provided by Comcast or used with Xfinity Mobile or Comcast Business Mobile service, on Wi-Fi 6 or later networks; and when they operate Wi-Fi 6 or later gateways, routers, extenders, and access points supplied by Comcast or used with Xfinity Internet or Comcast Business Internet service.

60. Comcast induces that infringement through the conduct described in paragraph 43, including by selling accused Wi-Fi 6 and later client devices, including smartphones, tablets, and streaming devices; by supplying Wi-Fi 6 and later access points, gateways, routers, and extenders; by instructing customers who use their own Wi-Fi 6 and later gateways and routers with Xfinity Internet or Comcast Business Internet service how to set them up and use them; and by instructing and encouraging its Xfinity Mobile, Comcast Business Mobile, Xfinity Internet and Comcast Business Internet subscribers, including those who bring their own devices, to use the accused devices on Wi-Fi 6 and later networks.

61. Comcast has also contributed to infringement of the '733 Patent under 35 U.S.C. § 271(c). Comcast offers to sell, sells and imports the accused gateways, routers, extenders, hotspots, access points, smartphones, tablets, streaming devices, and/or other client devices, and the firmware and software updates it provides for its gateways, routers, extenders, access points and/or hotspots, which are material or apparatus for use in practicing the claimed method, and with them components of the claimed transmitter and receiver systems, including the devices' Wi-Fi chipsets, firmware and software.

62. Comcast knows these components and apparatus are especially made or especially adapted for use in infringing the '733 Patent. The accused multi-user transmission and reception features they implement are a material part of the claimed inventions, and the components and

apparatus are not staple articles or commodities of commerce suitable for substantial non-infringing use.

63. Comcast's infringement after learning of the '733 Patent and of how its products infringe has been knowing, deliberate, and willful.

64. Comcast's infringement has damaged Cornell. Cornell is entitled under 35 U.S.C. § 284 to damages adequate to compensate it for the infringement, in no event less than a reasonable royalty, together with interest and costs. Cornell seeks damages for all infringement occurring within the period permitted by 35 U.S.C. § 286 and continuing through the expiration of the '733 Patent.

65. Comcast holds no license or other authorization to practice the '733 Patent.

66. Cornell does not make, sell, offer for sale or import any product that practices the '733 Patent, and Cornell granted no license under the '733 Patent until 2022. Through the effective date of that license, therefore, no marking obligation under 35 U.S.C. § 287(a) could have applied to Cornell or to any licensee. To the extent 35 U.S.C. § 287(a) applies, Cornell is entitled to damages for Comcast's infringement during the period permitted by 35 U.S.C. § 286 that preceded that license, and for Comcast's infringement after Comcast received actual notice of the '733 Patent and of its infringement, including at least as of the service of this Complaint and Exhibit 5.

67. Comcast's direct and indirect infringement has caused and continues to cause damage to Cornell. Under 35 U.S.C. §§ 271, 281, and 284, Cornell is entitled to recover the damages it has sustained from Comcast's wrongful acts, in an amount to be proven at trial.

## PRAYER FOR RELIEF

Wherefore, Cornell prays for the following relief:

A. A judgment in favor of Cornell that Defendants have infringed one or more claims of the Asserted Patents;

B. An award of damages to which Cornell is entitled under 35 U.S.C. § 284 for Defendants' past infringement;

C. A judgment that Defendants' infringement is willful and an award of enhanced damages under 35 U.S.C. § 284;

D. An award of pre-judgment interest and post-judgment interest on the damages awarded, including pre-judgment interest (pursuant to 35 U.S.C. § 284) from the date of each act of infringement of the Asserted Patents by Defendants to the day a damages judgment is entered, and an award of post-judgment interest (pursuant to 28 U.S.C. § 1961) continuing until such judgment is paid, at the maximum rate allowed by law;

E. A judgment and order finding that this is an exceptional case and requiring Defendants to pay the costs of this action, including awarding Cornell its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

F. An order requiring an accounting for damages not presented at trial; and

G. Any and all other relief that the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Cornell demands a trial by jury on all claims and issues so triable.

November 9, 2026

Respectfully submitted,

/s/ Robert F. Kramer (by permission Andrea L. Fair)
Robert F. Kramer (Admitted E.D. Texas)
rkramer@kramerllp.com
**KRAMER LLP**
1133 Broadway, Suite 1510
New York, NY 10010
Telephone: (212) 755-6475

Nicole Glauser
Texas Bar No. 24050694
nglauser@kramerllp.com
Rachael Chan (Admitted E.D. Texas)
rchan@kramerllp.com
**KRAMER LLP**
500 W 2nd Street, Suite 1900
Austin, TX 78701
Telephone: (737) 415-9284

Robert C. Mattson (Admitted E.D. Texas)
rmattson@kramerllp.com
Courtney Kasuboski (Admitted E.D. Texas)
ckasuboski@kramerllp.com
**KRAMER LLP**
2121 Eisenhower Avenue, Suite 304
Alexandria, VA 22314
Telephone: (202) 589-8187

Safraz Ishmael (Admitted E.D. Texas)
sishmael@kramerllp.com
**KRAMER LLP**
560 Harrison Avenue, Suite 214
Boston, MA 02118
Telephone: (617) 693-0493
Zachariah A. Higgins (Admitted E.D. Texas)
zhiggins@kramerllp.com
Robert McArthur (Admitted E.D. Texas)
rmcarthur@kramerllp.com
Curt Holbreich (Admitted E.D. Texas)
cholbreich@kramerllp.com
Robert Y. Xie (Admitted E.D. Texas)
rxie@kramerllp.com
**KRAMER LLP**
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065

Telephone: (650) 681-8544

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Plaintiff*
*Cornell Research Foundation, Inc.*